RE: APPLICATION OF 51 O.S. 24.1 (1988), TO EMPLOYEE PRESENTLY UNDER PROSECUTION FOR A FELONY.
THE SUBJECT STATUTE CONCERNS BOTH OFFICERS AND EMPLOYEES WITH MORE LANGUAGE APPLICABLE TO OFFICERS THAN TO EMPLOYEES. ABSTRACTING ONLY THE LANGUAGE APPLICABLE TO EMPLOYEES YIELDS THE FOLLOWING:
 "ANY . . . APPOINTED STATE . . . EMPLOYEE WHO, DURING THE TERM FOR WHICH HE WAS APPOINTED, IS, OR HAS BEEN, FOUND GUILTY BY A TRIAL COURT OF A FELONY IN A STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SHALL BE AUTOMATICALLY SUSPENDED FROM SAID EMPLOYMENT. . . . IN THE EVENT ANY. APPOINTED STATE . . . EMPLOYEE WHO, DURING THE TERM FOR WHICH HE WAS . . . APPOINTED, PLEADS GUILTY OR NOLO CONTENDERE TO A FELONY OR ANY OFFENSE INVOLVING HIS OFFICIAL OATH IN A STATE OR FEDERAL COURT OF COMPETENT JURISDICTION, HE SHALL IMMEDIATELY UPON ENTRY OF SAID PLEA, FORFEIT SAID . . . EMPLOYMENT. ANY SUCH . . . EMPLOYEE UPON FINAL CONVICTION OF, OR PLEADING GUILTY OR NOLO CONTENDERE TO, A FELONY IN A STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SHALL VACATE SUCH . . . EMPLOYMENT AND IF SUCH FELONY OR OTHER OFFENSE VIOLATES HIS OATH OF OFFICE SHALL FORFEIT ALL BENEFITS OF SAID . . . EMPLOYMENT, INCLUDING, BUT NOT LIMITED TO, RETIREMENT BENEFITS PROVIDED BY LAW; PROVIDED HOWEVER, THAT SUCH FORFEITURE OF RETIREMENT BENEFITS SHALL NOT INCLUDE SUCH . . . EMPLOYEE'S CONTRIBUTIONS TO THE RETIREMENT SYSTEM OR RETIREMENT BENEFITS THAT ARE VESTED ON THE EFFECTIVE DATE OF THIS ACT. ANY CLAIMS FOR PAYMENT OF SALARY OR WAGES, OR ANY CLAIMS FOR PAYMENT OF ANY OTHER BENEFITS, TO ANY SUCH . . . EMPLOYEE SUSPENDED FROM OR FORFEITING HIS . . . EMPLOYMENT SHALL BE REJECTED BY THE PROPER AUTHORITY. SUCH SUSPENSION OR FORFEITURE SHALL CONTINUE UNTIL SUCH TIME AS SAID CONVICTION OR GUILTY PLEA IS REVERSED BY THE HIGHEST APPELLATE COURT TO WHICH SAID . . . EMPLOYEE MAY APPEAL . . ."
 IN PERTINENT SUMMARY OF THE STATUTE'S PROVISIONS IT APPEARS THAT AN EMPLOYEE:
 1. IS AUTOMATICALLY SUSPENDED FROM EMPLOYMENT UPON BEING FOUND GUILTY IN TRIAL COURT;
2. VACATES EMPLOYMENT UPON A FINAL CONVICTION;
 3. BOTH FORFEITS AND VACATES EMPLOYMENT UPON ENTERING A PLEA OF GUILTY OR NOLO CONTENDERE; AND
 4. THAT ANY FORFEITURE OR SUSPENSION CONTINUES UNTIL REVERSAL (OF A CONVICTION OR PLEA OF GUILTY) BY THE HIGHEST APPELLATE COURT.
IT IS NOT ALTOGETHER CLEAR WHAT THE LEGISLATURE INTENDED BY THE VARIOUS EMPHASIZED TERMS IT USED IN THIS STATUTE, BUT IT IS MY OPINION THAT FORFEITURE AND SUSPENSION WERE INTENDED TO BE TEMPORARY OR INTERIM SANCTIONS AND THAT VACATION OF EMPLOYMENT WAS THE FINAL SANCTION. IN ANY EVENT, IT SEEMS CLEAR THAT CONVICTION, WHETHER BY TRIAL OR BY PLEA, BRINGS LOSS OF EMPLOYMENT, WHICH MAY BECOME FINAL.
IN THIS CONNECTION I WOULD INFORM YOU THAT A PERSON ON A SUSPENDED SENTENCE HAS BEEN "CONVICTED" WHEREAS A PERSON ON A SO CALLED DEFERRED SENTENCE HAS NOT. SEE IN RE HALL, 78 OKL. CR. 83, 143 P. 2D 833 (1944), AND BELLE V. STATE, 516 P. 2D 551 (OKL. 1973), RESPECTIVELY. BUT I FURTHER CALL YOUR ATTENTION TO THE FACT THAT OUR SUBJECT STATUTE REQUIRES ONLY THE ENTERING OF A PLEA OF GUILTY OR NOLO CONTENDERE TO TRIGGER ITS SANCTIONS OF FORFEITURE AND VACATION. SO-CALLED DEFERRED SENTENCES ARE ADJUDGED BY OUR TRIAL COURTS ONLY AFTER RECEIVING SUCH PLEAS (OR, RARELY, UPON A VERDICT). SEE 22 O.S. 991A (1988) ET SEQ. SO, FOR PURPOSES OF OUR SUBJECT STATUTE, EVEN A DEFERRED SENTENCE WILL TRIGGER THE SANCTIONS OF FORFEITURE AND VACATION.
THIS OPINION, OF COURSE, IS MY PERSONAL OPINION ONLY AND DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. ALSO, I POINT OUT THAT I HAVE NOT TRIED TO DEAL WITH QUESTIONS OTHER THAN THE ONES YOU ASKED. (QUESTIONS ABOUT WHAT CONSTITUTES A VIOLATION OF OATH BY AN EMPLOYEE OR ISSUES RELATING TO FORFEITURE OF RETIREMENT BENEFITS, FOR EXAMPLE, ARE NOT ANSWERED HERE.)
(STATE EMPLOYEE/CRIMINAL CONVICTION/JOB FORFEITURE)
(HUGH H. COLLUM)